J-A26033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EMMA WILMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENE Z. SALKIND, M.D., TODD | : | No. 1220 EDA 2022 |
| ANTHONY BURLINGAME, D.O., HOLY | : | |
| REDEEMER HEALTH SYSTEM, HOLY | : | |
| REDEEMER HOSPITAL, HUNTINGDON | : | |
| VALLEY ANESTHESIOLOGY | : | |
| ASSOCIATES | : | |

Appeal from the Order Entered April 14, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2016-30036

BEFORE:  BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED DECEMBER 30, 2022**

Emma Wilmer (Wilmer) appeals an order of the Court of Common Pleas

of Montgomery County (trial court) dismissing with prejudice her claims of

negligence and medical malpractice against Gene Z. Salkind, M.D.[1]  Prior to

trial, the trial court granted a dispositive motion *in limine* precluding the

testimony of Wilmer's only expert witness concerning the applicable standard

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Wilmer had named several other individuals and entities as defendants in
her complaint, but Wilmer has since filed *praecipes* for entry of *non pros* as to
those parties, rending the order on review a final and appealable order for the
purposes of Pa.R.A.P. 341.

of care and, as a result, summary judgment was granted in Dr. Salkind's favor. Wilmer now argues that the trial court erred in precluding her expert's testimony and in ruling that Dr. Salkind is not collaterally estopped from testifying about the reasonableness and necessity of the subject medical procedure. We affirm.

## I.

On May 4, 2014, Wilmer was injured at work, purportedly resulting in herniated discs in segments C5-C6 and C6-C7 of her spine. Wilmer then underwent an anterior cervical discectomy and fusion procedure on July 25, 2014, that was performed by Dr. Gene Salkind. Immediately after the procedure, Wilmer developed a stutter and pain in her throat when swallowing.

On July 29, 2014, Wilmer's workers' compensation insurance carrier filed with the Pennsylvania Department of Labor & Industry a utilization review request for "prospective review of recommended anterior cervical fusion at C5-6 and C6-7 with removal of plate at C4-5." During the review process, Dr. Salkind failed to respond to requests for documents sent by the utilization review organization (URO). On September 30, 2014, the URO issued a finding that Dr. Salkind's treatment of Wilmer was not reasonable or necessary under 34 Pa. Code § 127.464, which compels such a finding where "the provider under review fails to mail records to the URO within 30 days of the date of the request of the records[.]" 34 Pa. Code § 127.464.

On November 3, 2014, Dr. Salkind petitioned for the review of the URO's determination, and the petition was assigned to a workers' compensation judge. Hearings on the petition were scheduled for December 9, 2014, January 27, 2015, February 26, 2015, and April 14, 2015, but Dr. Salkind failed to appear. Due to Dr. Salkind's non-appearances, the workers' compensation judge ruled on April 14, 2015, that his petition was dismissed.

Wilmer then filed a complaint in the Court of Common Pleas of Philadelphia County which was later transferred to the trial court in Montgomery County. In the complaint, Wilmer alleged that Dr. Salkind had provided care below the standard required of physicians performing the spinal fusion procedure she underwent, causing her injuries.

Wilmer retained an expert witness, Jonas Gopez, M.D., a board-certified neurosurgeon. In his deposition, Dr. Gopez testified as to Wilmer's speech and swallowing impairment following her spinal fusion procedure on July 25, 2014. *See* Dr. Jonas Gopez Deposition Testimony Transcript, 11/8/2021, at pp. 26-33. He testified that in his opinion, "the surgery was not medically necessary or causally related to the May 4th, 2014 work injury." *Id.* at p. 32.

Significantly, Dr. Gopez observed that the procedure performed by Dr. Salkind was ultimately addressing degenerative changes in Wilmer's spine which had long *predated* the work injury she had in 2014. Dr. Gopez noted that Wilmer previously injured her back at work in 2008, requiring a spinal fusion surgery which was performed in 2009, as well as dozens of steroidal

injections into her spine over the course of the following years. However, Dr. Gopez opined that Wilmer's speech and swallowing difficulties, "[i]n some way or form, must be [caused by the spinal fusion procedure in 2014 because] . . . she did not have [those symptoms] before, had the surgery, and developed it immediately afterward." *Id.*

On cross-examination, Dr. Gopez clarified that he examined Wilmer on two occasions – July 2, 2015, and April 14, 2016, – and both times, Dr. Gopez had been retained solely for the purpose of litigating workers' compensation claims; he was not retained at those times to give an opinion on whether the surgery was medically necessary to treat Wilmer's work-related injury on May 4, 2014, and the extent to which Wilmer had the ability to return to work. *Id.* at pp. 9-10, 37-38. Accordingly, Dr. Gopez did not evaluate Wilmer for the purpose of opining for a prospective malpractice action as to the standard of care or whether Dr. Salkind had deviated from that standard. *See id.*

Dr. Salkind filed a motion *in limine* to preclude the testimony of Dr. Gopez on the ground that his opinions did not relate to the standard of care applicable in a medical malpractice action. Wilmer, in turn, filed an answer to Dr. Salkind's motion *in limine*, as well as a cross-motion to preclude Dr. Salkind from testifying that the treatment he rendered was reasonable and necessary. She argued that Dr. Salkind was collaterally estopped from disputing issues which the workers' compensation judge had already resolved on the merits.

The trial court granted Dr. Salkind's motion *in limine* and ruled further that it would treat the motion as a request for summary judgment based on Wilmer's failure to present any expert testimony on the applicable standard of care. **See** Trial Court Order, 4/14/2022, at 1; **see also** Trial Court Opinion, 6/17/2022, at 4-6. Wilmer's cross-motion *in limine* was denied, and her complaint was dismissed with prejudice.

Wilmer timely appealed and now raises two issues for our consideration:

1. Did the [trial] court err in granting summary judgment when the testimony of plaintiff's expert met [Wilmer's] burden to show [Dr. Salkind's] deviation from the standard of care and causation to a reasonable degree of medical certainty although he had not examined [Wilmer] for that specific purpose when he testified the surgery performed on [Wilmer] was not medically reasonable and necessary and [Wilmer's] persistent speech and swallowing dysfunction was the result of the surgery performed by [Dr. Salkind]?

2. Did the [trial] court err in granting summary judgment when there was a final and binding order by a workers' compensation judge that the surgery performed by [Dr. Salkind] was not reasonable and necessary and this finding acted as collateral estoppel on the issue before the court?

Appellant's Brief, at 5 (renumbered).

**II.**

Wilmer's first claim on appeal is that the summary judgment order should be vacated[2] because it was predicated on the trial court's erroneous exclusion of testimony by her expert witness, Dr. Gopez.

In a medical malpractice action, a plaintiff has the burden of proving that there is "a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm." ***Toogood v. Owen J. Rogal D.D.S., P.C.***, 824 A.2d 1140, 1145 (Pa. 2003); ***see also Mitchell v. Shikora***, 209 A.3d 307, 312 (Pa. 2019) (same). "Because the negligence of a physician encompasses matters not within ordinary knowledge and experience of laypersons, a medical malpractice

_____

[2] On review of the grant or denial of a motion for summary judgment, this Court's standard of review is *de novo,* and our scope of review is plenary. ***See generally Khalil v. Williams***, 278 A.3d 859, 871 (Pa. 2022). A trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. ***See id.***; ***see also*** Pa.R.C.P. 1035.2. The moving party has the burden of demonstrating the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party. ***See Khalil***, 278 A.3d at 871. Summary judgment should only be granted "where the right to such a judgment is clear and free from doubt." ***Id.*** (internal citation omitted). An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion. ***See id.*** A trial court's decision to admit or exclude evidence, including the testimony of an expert witness, is likewise reviewed under an abuse of discretion standard. ***See Green v. Penn. Hosp.***, 123 A.3d 310, 325 (Pa. 2015).

plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." **Toogood**, 824 A.2d at 1145.[3]

In this case, Wilmer's first appellate claim turns on whether her expert witness, Dr. Gopez, gave any testimony in his deposition which established the applicable standard of care for the spinal fusion procedure performed by Dr. Salkind. We find that the record supports the trial court's conclusion that Dr. Gopez did not give any testimony to that effect.

Although Dr. Gopez testified that in his opinion, the spinal fusion procedure was "not medically necessary or causally related to the May 4, 2014 work injury," he did so in the context of workers' compensation proceedings concerning Wilmer's work-related injury on that date. Dr. Gopez observed that the procedure performed by Dr. Salkind was intended to address degenerative changes in Wilmer's spine which had long predated the more recent work injury she had in 2014. Nothing in Dr. Gopez's testimony goes to whether the surgery was necessary for reasons *other* than the work-place accident on May 4, 2014.

Moreover, Dr. Gopez agreed that when he evaluated Wilmer, he had not been retained to opine on Dr. Salkind's alleged negligence or malpractice, and

---

[3] A trial court may admit or preclude expert testimony at its discretion. **See Green**, 123 A.3d at 325.

no opinions on the standard of care that would apply in the context of a negligence or medical malpractice action were ever given in his deposition testimony in the present case. *See* Dr. Jonas Gopez Deposition Testimony Transcript, 11/8/2021, at pp. 9-10, 37-38.[4]

Thus, Wilmer failed to raise a genuine issue of material fact as to necessary elements of her claims, and the trial court did not abuse its discretion or commit an error of law in granting summary judgment in favor of Dr. Salkind on the ground that Wilmer failed to carry her initial burden of proof. *See Toogood*, 824 A.2d at 1145.

### III.

Wilmer's second claim is that the trial court erred in denying her cross-motion *in limine* to preclude Dr. Salkind from testifying as to the reasonableness and necessity of the subject medical procedure. According to Wilmer, Dr. Salkind is collaterally estopped from disputing those points because they had been previously adjudicated at the workers' compensation proceedings.

It is unnecessary for us to reach the merits of this issue because it is moot. As discussed above, the trial court did not err in ruling that Wilmer failed to carry her initial burden of presenting expert testimony as to the

---

[4] As to the method of the spinal fusion procedure itself, Dr. Gopez found no fault in Dr. Salkind's performance. *See* Dr. Jonas Gopez Deposition Testimony Transcript, 11/8/2021, at pp. 46-49.

standard of care and Dr. Salkind's deviation from that standard. Our disposition in that regard would remain intact regardless of whether the trial court erred in ruling that Dr. Salkind would be able to testify at trial about whether the procedure was reasonable or necessary.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2022